Hillsborough,
No. 4458.

ALICE JADDA & *a.* *v.* MANCHESTER & *a.*

Argued March 7, 1956.
Decided March 29, 1956.

*Samuel A. Margolis* (by brief and orally), for the plaintiffs.

*J. Francis Roche,* city solicitor, *Wyman, Starr, Booth, Wadleigh & Langdell* and *William H. Craig* (*Mr. Roche* orally), for the defendants.

LAMPRON, J. The board of adjustment of the city of Manchester has ordered the granting of a permit upon appeal to it from an adverse decision by the superintendent of buildings who administers the ordinance. Upon appeal from the decision of the board to the Superior Court the party seeking to set it aside had the burden of proving that it is "unreasonable or unlawful, and all findings of the board . . . upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable." RSA 31:78. There is no trial *de novo* by the Court (*Gelinas* v. *Portsmouth,* 97 N. H. 248, 249) "and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the Court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." *Id.,* 250.

The Marcotte property, situated at the junction of South Willow and South Beech Streets is in a local business district. There has been a public garage with gasoline pumps operated thereon since before the adoption of the zoning ordinance in 1927. The plaintiffs in January 1952, bought an adjoining lot located in a commercial district and erected thereon their present six-room residence. The surrounding area is for the most part business and commercial. Under the permit ordered by the board to be granted the Marcottes the present garage building is to be torn down and a new filling station erected in a different position on the lot.

The main objections of the plaintiffs to the granting of the permit are the effect of the proposed use on their sick mother who lives with them and the depreciation it will cause in the value of their property because of the extra hazards and other inconveniences resulting from it. The objections presented at the hearing in the Superior Court were the same which were made at the hearing held by the zoning board of adjustment before taking its action.

The defendants argue that the permit was warranted under section 5 (a) (7) of the ordinance regulating local business districts. After enumerating certain uses prohibited and certain others permitted therein it permits "any other retail business or service not involving any manufacture on the premises."

Defendants also maintain that the board could have granted the permit under section 14 which provides that "in addition to the

general powers granted said Board by said Section 7 [Laws 1925, c. 92 now RSA 31:72] it may, in harmony with and subject to its provisions,—(1) Permit the erection of additional buildings or the enlargement or alteration of existing buildings on the same or an adjacent parcel of land, each in the same single or joint ownership of record at the time it is placed in a district, for an existing trade, business, industry or other use prohibited in such district."

The board of adjustment however did not refer to any particular section of the ordinance as the basis of its action. We are of the opinion that on the evidence presented it could grant a variance from the terms of the ordinance, if needed, under the general powers conferred to it by RSA 31:72, to permit the erection of the proposed filling station. *Fortuna* v. *Zoning Board of Manchester*, 95 N. H. 211. Consequently it is unnecessary to decide whether its action was also warranted by said sections 5 and 14 (1) of the ordinance.

The plaintiffs have therefore failed to satisfy the burden imposed on them of proving that the board's decision is unreasonable or unlawful and the Court's dismissal of their appeal was proper. *Keene* v. *Parenteau*, 99 N. H. 415, 417.

Our conclusion makes it also unnecessary to consider whether the requirements of section 14 (5) of the ordinance that the written consent of certain specified property owners be on file before the board can act under its provisions have been met by the Marcottes.

*Exception overruled.*

All concurred except DUNCAN, J., who concurred in the result.